IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOAN CONCOVICH, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) vs. ) ) AIR EVAC EMS, INC., ) a Missouri Corporation, ) ) Defendant. ) ) | Case No. Circuit Court for the First Judicial Circuit, Williamson County, Illinois Cause No.: 2015-LM-69 **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Air Evac EMS, Inc. ("Air Evac"), by and through its undersigned counsel, hereby removes this action to the United States District Court for the Southern District of Illinois. As grounds for removal, Air Evac states as follows:

### PROCEDURAL BACKGROUND

1. On February 5, 2015, Plaintiff commenced a putative class action by filing an Original Complaint (the "Complaint") against Air Evac in the Circuit Court for the First Judicial Circuit, Williamson Count, Illinois, captioned as Joan Concovich, etc. v. Air Evac EMS, Inc., Case No. 2015-LM-69 (the "State Court Action").

2. A true and accurate copy of the entire file from the State Court Action is attached hereto as Exhibit A.

3. On February 17, 2015, Air Evac was served with the Summons, a copy of the Complaint and Plaintiff's Motion for Conditional Certification. A true and accurate

copy of all pleadings and process served on Air Evac is attached hereto as Exhibit B. These are the only pleadings or process served on Air Evac.

4. This removal is timely under 28 U.S.C. §1446(b) in that it has been filed within thirty (30) days of February 17, 2015. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (holding that the thirty (30) day removal period does not begin to run until a defendant is formally served with summons and the petition).

5. Air Evac has not entered its appearance, filed a responsive pleading or otherwise responded to the Complaint in the State Court Action.

6. Pursuant to the requirements of 28 U.S.C. §1446(d), Air Evac will promptly notify Plaintiff in writing of the filing of this Notice of Removal. See Exhibit C attached hereto.

7. Pursuant to the requirements of 28 U.S.C. §1446(d), Air Evac will promptly advise the Clerk of the Circuit Court for the First Judicial Circuit, Williamson Count, Illinois of the removal of the State Court Action by filing a Notice of Filing of Notice of Removal (which will include a copy of this Notice of Removal) with the Clerk. See Exhibit C attached hereto.

8. Pursuant to the requirements of 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States for the District and Division in which the State Court Action is pending.

9. No admission of fact, law or liability is intended by this Notice, and all defenses, affirmative defenses and motions are hereby preserved.

## FACTUAL BACKGROUND

10. In this action, Plaintiff seeks to represent a putative class consisting of:

> those persons who are citizens of the State of Illinois as of the date this action is filed and who had private insurance or a health plan that covered air ambulance services and who within three years of the date this case was filed were charged by the defendant for the portion of its air ambulance charges not paid by their private insurance or a health plan.

See Complaint, at ¶ 13.

11. Accordingly, the class period is defined as the three (3) year period prior to the filing of the Complaint (the "Class Period"). Id.

12. Plaintiff alleges that Air Evac "is in the business of selling memberships in the AirMedCare Network and publicly solicited memberships in said Network by advertising the information on Exhibit A [of the Complaint] with the intent that consumers rely on such information and purchase those memberships." See Complaint, at ¶ 8.

13. Plaintiff further alleges that Air Evac "included with the information provided to plaintiff and others the promise that it would consider its 'air ambulance costs that are not covered by any insurance, benefits, or third party responsibility available to any member to have been fully prepaid.'" See Complaint, at ¶ 9.

14. Plaintiff claims that the above promise is illusory and misleading. See Complaint, at ¶ 10.

15. The Complaint purports to assert a sole cause of action against Air Evac "under 815 ILCS 505, para 10(a), the Illinois Consumer Fraud and Deceptive [Business] Practices Act." See Complaint, at ¶ 11.

16. In addition to seeking certification of the "class," Plaintiff seeks, *inter alia*, the following relief:

- judgment "[e]njoining Defendant's illegal conduct alleged herein and ordering disgorgement of any of its ill-gotten gains";
- an award of compensatory damages and reasonable attorney's fees and costs; and
- "the cancellation of any debt claimed by defendant against any class members for air ambulance services . . ."

See Complaint at p. 4, ¶¶ D, E and F.

## THIS COURT HAS JURISDICTION PURSUANT TO CAFA

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453, the Class Action Fairness Act ("CAFA").

18. This action is a "class action" as defined by CAFA, *i.e.*, a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." See 28 U.S.C. §§1453(a), 1332(d)(1)(B).

19. CAFA extends federal jurisdiction to all putative class actions in which: (a) there are 100 or more members in the proposed class; (b) there is minimal diversity, *i.e.*, at least one member of the proposed class is a citizen of a State different from any Defendant; and (c) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (5), and (6). See also Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 617 (7th Cir. 2012). This action satisfies all of these requirements.

A. **The Proposed Class Consists of Thousands of Individuals.**

20. During the alleged Class Period, there were approximately 3,600 citizens of the State of Illinois who (a) used Air Evac's air ambulance services, (b) had private insurance or a health plan that covered air ambulance services, and (c) for whom private insurance or a health plan paid some, but not all, of Air Evac's charges for these services. See Declaration of Eric J. Thomas attached hereto as Exhibit D.

21. Accordingly, Plaintiff's proposed class consists of more than 100 members.

B. **There is Minimal Diversity in this Action.**

22. Plaintiff alleges that she is a citizen of the State of Illinois. See Complaint, at ¶ 1.

23. Air Evac is a corporation organized under the laws of the State of Missouri, and it has its principal place of business located at 1001 Boardwalk Springs Place, O'Fallon, Missouri 63368. Id.; see also Exhibit D attached hereto. Thus, Air Evac is a citizen of the State of Missouri for purposes of diversity jurisdiction.

24. Accordingly, there is minimal diversity between Plaintiff and Air Evac satisfying the minimal diversity requirement of CAFA.

C. **The Aggregated Claims of the Putative Class Members Exceed $5 Million.**

25. CAFA requires aggregation of the individual putative class members' claims, exclusive of interest and costs, to determine the jurisdictional amount. See 28 U.S.C. §1332(d)(6).

26. In Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547 (2014), the Supreme Court held that a party's notice of removal under CAFA "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." Id. at 554. See also Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) (a party seeking to remove under CAFA "bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof.").

27. Moreover, "once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . ., then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." Spivey, 528 F.3d at 986.

28. A defendant who removes a case under CAFA "need not 'confess liability in order to show that the controversy exceeds the threshold' . . . The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." Id. Accordingly, Air Evac disputes the validity of Plaintiff's allegations and claims including, but not limited to, Plaintiff's ability to maintain this action as a class action. However, applying Plaintiff's proposed "class" definition demonstrates that the jurisdictional amount is readily satisfied in this case.

29. As set forth above, during the alleged Class Period, there were approximately 3,600 citizens of the State of Illinois who had private insurance or a health plan that covered air ambulance services, but for whom the private insurance or health plan did not pay all of the charges for the services provided to these citizens by Air Evac. With respect to those 3,600 citizens, the total aggregate balance for the amount of the charges not paid by their private insurance or a health plan was approximately $5.48 million (approximately $1.38 million with respect to members of the AirMedCare

Network program and approximately $4.1 million with respect to non-members). See Exhibit D attached hereto. After applying various additional payments and other credits, the current outstanding balance is approximately $3.32 million (approximately $349,000 with respect to members of the AirMedCare Network program and approximately $2.97 million with respect to non-members).

30.     In addition, the Plaintiff's Complaint seeks an award of attorney's fees and costs as part of the underlying claims. See Complaint, at p. 4 ¶ E. The Court may also consider the availability of attorneys' fees and costs under the Illinois Consumer Fraud and Deceptive Business Practices Act when determining whether the jurisdictional amount in controversy is satisfied. See 815 ILCS 505 Sec. 10a (c) (court may award reasonable attorney's fees and costs to the prevailing party). See also EL v. Americredit Financial Services, Inc., 710 F.3d 748 (7th Cir. 2013) (if attorney's fees and costs "are sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to 'costs' or 'fees' incurred in the litigation, they are considered part of the amount in controversy.").

31.     Furthermore, punitive damages are available under the Illinois Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/10a] and the Court may also consider the availability of punitive damages when determining whether a putative class' aggregated damages exceed the jurisdictional minimum required under CAFA. See Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011); see also Cadek v. Great Lakes Dragaway, 58 F.3d 1209, 1211 (7th Cir. 1995) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.").

32. Finally, the Complaint seeks a judgment "[e]njoining [Air Evac's] illegal conduct alleged herein . . . ." See Complaint, at p. 4 ¶ D. The value of injunctive relief sough in a class action "cannot be ignored in the calculation of the amount in controversy" under CAFA. See Keeling, 660 F.3d at 274. To the extent Plaintiff's claims for injunctive relief seek to prevent Air Evac from collecting remaining amounts owed for air ambulance services provided to putative "class members" after applying applicable private insurance or health plan payments, the value of such relief would be in excess of $5 million; e.g., see ¶ 29 above with respect to the amounts not paid by private insurance or a health plan during the Class Period.

33. Accordingly, it is clear that the aggregated claims of the individual putative class members exceed the sum of $5 million, exclusive of interest and costs.

## CONCLUSION

34. For all the forgoing reasons, removal is proper and this Court has original jurisdiction over this case under CAFA.

WHEREFORE, Defendant Air Evac EMS, Inc. respectfully requests that this action, captioned as Joan Concovich, etc. v. Air Evac EMS, Inc., Case No. 2015-LM-69 and currently pending in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, be removed to this Court, that this Court exercise its subject matter jurisdiction over this matter, and grant such other and further relief as it deems necessary and appropriate.

Dated: March 17, 2015  Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/   Christopher J. Valeriote
Harry B. Wilson, 6276966
Christopher J. Valeriote, 54133MO (Lead Counsel)
Kyle P. Seelbach, 6233971 (Pending Admission)
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105-3441
Phone:  314-480-1859
Facsimile:  314-480-1505
harry.wilson@huschblackwell.com
chris.valeriote@huschblackwell.com
kyle.seelbach@huschblackwell.com

*Attorneys for Defendant Air Evac EMS, Inc.*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Counsel of Record, and via electronic mail this 17th day of March 2015, to the addressees shown below:

G. Patrick Murphy
Murphy & Murphy LLC
3415 Office Park Drive, Suite D
Marion, IL 62959
gpatrick@murphymurphyllc.com

Brian P. McGarry
McGarry & Malkovich
500 N. Market Street
Marion, IL 62959
bpmcgarry@frontier.com

*Attorneys for Plaintiff*

                /s/  Christopher J. Valeriote