IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOAN CONCOVICH, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| vs. ) | Case No.  3:15-cv-00294-MJR-DGW |
| ) | |
| AIR EVAC EMS, INC., ) a Missouri Corporation, ) ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Air Evac EMS, Inc. ("Air Evac"), by and through its undersigned counsel, and hereby responds to Plaintiff's "Original Complaint" (the "Complaint") as follows:

1. Air Evac admits that it is a corporation organized under the laws of the State of Missouri.  Air Evac is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and therefore denies the same.

2. Air Evac admits that on April 12, 2014, the date that Air Evac provided its air ambulance services to Plaintiff, Plaintiff was an active member of the Air Evac membership program, individual Member ID 762261; Household #318507.  Further answering, Air Evac denies all remaining allegations contained in Paragraph 2.

3. Air Evac admits that on April 12, 2014, Plaintiff was injured as a result of a motor vehicle accident.  Air Evac admits that on that date, it provided air ambulance services to Plaintiff by transporting Plaintiff, via helicopter, from Memorial Hospital of Carbondale located in Carbondale, Illinois to Barnes-Jewish Hospital located in St. Louis,

Missouri.  Air Evac admits that the charge billed by Air Evac for its services was $37,711.07 and that Air Evac has been reimbursed $37,561.07 by Plaintiff's insurance carrier, leaving a balance of $150.00.  Further answering, Air Evac denies that it has attempted (or will attempt) to collect any monies for said services from Plaintiff and denies all remaining allegations contained in Paragraph 3.

      4.      In response to Paragraph 4, Air Evac admits that the terms and conditions of the Air Evac membership program attached as Exhibit A to the Complaint contain the material terms and conditions at issue in this action.  However, the formatting and some of the verbiage of the terms and conditions was changed approximately three (3) years ago.  A current version of the terms and conditions can be found at https://joinairmedcarenetwork.com/Membership/Terms.  See Exhibit A attached hereto.

      5.      Air Evac admits that Plaintiff paid a $65.00 annual membership fee in February 2014 for the Air Evac membership program and was an active member as of April 12, 2014.  Air Evac denies all remaining allegations contained in Paragraph 5.

      6.      Air Evac denies the allegations contained in Paragraph 6.

      7.      Air Evac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies the same.

      8.      Air Evac admits that individuals may purchase membership in the Air Evac membership program and that it publicly advertises the availability of those memberships.  With respect to the terms and conditions of those memberships, Air Evac incorporates its response to Paragraph 4 above.  Air Evac admits that both Air Evac and individuals may rely upon those terms and conditions when purchasing memberships in

the Air Evac membership program.  Further answering, those terms and conditions include, *inter alia*, that:

- Membership provides prepaid protection against Air Evac's air ambulance costs that are not covered by a member's insurance or other benefits or third party responsibility;

- Air Evac reserves the right to bill directly any appropriate insurance, benefits provider or third party for services rendered, and members authorize their insurers, benefits providers and responsible third parties to pay any covered amounts directly to Air Evac;

- Members agree to remit to Air Evac any payment received from insurance or benefit providers or any third party for air medical services provided by Air Evac, not to exceed regular charges; and

- Air Evac will consider its air ambulance costs that are not covered by any insurance, benefits or third party responsibility available to the member to have been fully prepaid.

Air Evac denies all remaining allegations contained in Paragraph 8.

9.   Air Evac admits that the language quoted in Paragraph 9 is contained, *inter alia*, in the Air Evac membership program terms and conditions and that the terms and conditions are provided, and otherwise available, to Air Evac membership program members.  Air Evac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore denies the same.

10.   Air Evac denies the allegations contained in Paragraph 10.

11. Air Evac admits that Plaintiff purports to bring this action under 815 ILCS 505, para 10(a), the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"). Further answering, Air Evac denies any liability to Plaintiff, denies that the Act applies to Air Evac, denies that it has violated the Act, denies that Plaintiff can state a claim under the Act, and states that Plaintiff's claim under the Act is preempted by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. § 41713.

12. Air Evac denies the allegations contained in Paragraph 12.

13. Air Evac admits that Plaintiff has filed this case as a putative class action and seeks to represent a "Class" as described in Paragraph 13. Further answering, Air Evac denies that this case is appropriate for class treatment, and denies all remaining allegations contained in Paragraph 13.

14. Air Evac denies the allegations contained in Paragraph 14.

15. Air Evac denies the allegations contained in Paragraph 15.

16. Air Evac denies the allegations contained in Paragraph 16.

17. Air Evac denies the allegations contained in Paragraph 17.

## RELIEF REQUESTED

Air Evac denies that Plaintiff is entitled to any of the relief requested in paragraphs A through F of page 4 of the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Defenses set forth below, Air Evac intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute and

shall not be deemed to constitute an admission of liability that Plaintiff is entitled to any relief whatsoever, that Plaintiff may maintain this action as a class and/or representative action, or that the putative "Class" proposed by Plaintiff is entitled to any relief whatsoever.

Air Evac alleges the following affirmative defenses with respect to the causes of action alleged in the Complaint:

1. Plaintiff's claims, and the claims of some or all of the putative class, each fail to state a cause of action against Air Evac upon which relief may be granted.

2. Plaintiff's claims, and the claims of some or all of the putative class, are barred by the doctrine of waiver.

3. Plaintiff's claims, and the claims of some or all of the putative class, are barred by the doctrine of estoppel.

4. Plaintiff's claims, and the claims of some or all of the putative class, are barred because, if Plaintiff and/or the putative class were damaged, which Air Evac expressly denies, Plaintiff and/or the putative class failed to mitigate their damages.

5. Plaintiff's claims, and the claims of some or all of the putative class, are barred because, if Plaintiff and/or the putative class were damaged, which Air Evac expressly denies, said damages were caused by the actions or omissions of Plaintiff and/or members of the putative class, their agents or employees, or by third parties over which Air Evac had no responsibility or control.

6. Plaintiff's claims, and the claims of some or all of the putative class, are barred by set off and/or recoupment.

7. The Complaint, and each cause of action alleged in the Complaint, is barred because Plaintiff and/or members of the putative class have not been injured as a result of the action or inaction by Air Evac.

8. Plaintiff and the putative class are barred, in whole or in part, from recovering any amounts from Air Evac because Plaintiff and some or all members of the putative class ratified and/or consented to the conduct of Air Evac now alleged to be wrongful.

9. Plaintiff's claims, and the claims of some or all of the putative class, are barred because Air Evac complied with each of its contractual obligations, if any.

10. Plaintiff's claims, and the claims of some or all of the putative class, are barred, in whole or in part, by the voluntary payment doctrine.

11. Plaintiff's and some or all members of the putative class are barred in whole or in part from recovering any amounts from Air Evac by the doctrine of express or implied release.

12. Plaintiff's individual and putative class claims are barred because, even if Air Evac engaged in the conduct alleged in Plaintiff's Complaint, the claims are preempted by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. § 41713.

13. Any award based upon asserted interests or injuries in this case, including but not limited to any award of punitive damages, would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article 1, Section 2 of the Illinois Constitution.

14. Any finding of liability – and any award of damages, including but not limited to any award of punitive damages – for the practices alleged in the Complaint would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Illinois Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

15. Air Evac does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

WHEREFORE, Air Evac respectfully requests entry of a final judgment granting the following relief:

(a) dismissing Plaintiff's Complaint with prejudice;

(b) denying Plaintiff's request to certify any class or subclass;

(c) awarding Air Evac its attorney's fees and costs incurred to defend this action pursuant to applicable rules and law, including but not limited to 815 ILCS 505/10a(c); and

(d) providing such other and further relief as this Court deems just and proper.

Dated: April 3, 2015        Respectfully submitted,

**HUSCH BLACKWELL LLP**

 */s/* Christopher J. Valeriote
Harry B. Wilson, 6276966
Christopher J. Valeriote, 54133MO
Kyle P. Seelbach, 6233971
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105-3441
Phone:         (314) 480-1859
Facsimile:     (314) 480-1505
harry.wilson@huschblackwell.com
chris.valeriote@huschblackwell.com
kyle.seelbach@huschblackwell.com

*Attorneys for Defendant Air Evac EMS, Inc.*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 3rd day of April 2015, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Southern District of Illinois and served by operation of that Court's electronic filing system upon all counsel of record.

                    /s/Christopher J. Valeriote