IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOAN CONCOVICH, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 15–cv–0294–MJR–DGW |
| vs. | ) ) |
| AIR EVAC EMS, INC., | ) ) |
| Defendant. | ) |

# ORDER

**REAGAN, Chief Judge:**

In this putative class action, Plaintiff brings a claim against Air Evac EMS, Inc., for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA"), 8715 ILCS 505/1, *et seq.* Very broadly, Plaintiff alleges Defendant Air Evac EMS, Inc., sold worthless memberships (to her and to others similarly situated) in something called the AirMedCare Network.

The Airline Deregulation Act of 1978 ("ADA") explicitly preempts state regulations "related to" an air carrier's "price, route, or service." **49 U.S.C. § 41713(b)(1)** ("[A] State, political subdivision … or political authority … may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation"). *See also Northwest, Inc. v. Ginsberg*, 134 S.Ct. 1422, 1429 (2014). On pre-emption grounds, Defendant has filed a dispositive motion.

1

Though the case is in its early stages and the motion targets the legal underpinnings of the case, Defendants attached documentary evidence, so the motion is made via Rule 56's procedural machinations. *See* Fed. R. Civ. P. 12(d) (courts must convert motions to dismiss into summary judgment motions if "matters outside the pleadings are presented to and not excluded by the Court"). Pursuant to Rule 56(f), Plaintiff's counsel has filed a procedurally sound affidavit swearing he needs more evidence—through "limited and expedited discovery"—to establish whether Defendant is simply an air carrier, or subsidizes / is part of a quasi-insurance company, or perhaps both. (Doc. 33).

Cognizant that the ADA pre-empts the IFCA in a case where an airline's frequent flyer program was challenged, *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), and that state fare advertising guidelines have been held pre-empted, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992), the Court is nonetheless disinclined to grant summary judgment (or prevent additional discovery) on Defendant's argument—supported (and hemmed in) *only* by Defendant's own evidence—that its business model and practices are sufficiently analogous to prompt a pre-emption ruling at this early stage. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (Rule 56(f) "is intended as a safeguard against a premature grant of summary judgment" so courts "should construe the rule liberally"). Plaintiff's affidavit / motion for expedited, limited discovery (Doc. 33) is **GRANTED**.

To a motion previously denied (on procedural grounds), Plaintiff attached an eight-paragraph request for production and limited 30(b)(6) deposition notice. Whether the contents of that proposed discovery are permissible is not a matter before this Court. But the document should provide a starting point for a good faith meet and confer, which the Court DIRECTS the parties to undertake on or before July 3, 2015, for the purposes of quickly identifying (and, if necessary, taking before the magistrate judge) any discovery disputes. Expedited, limited discovery SHALL be completed by July 31, 2015, and Plaintiff's response to Defendant's dispositive motion SHALL be due on or before August 14, 2015.

IT IS SO ORDERED.  
DATE: June 26, 2015

s/ *Michael J. Reagan*  
MICHAEL J. REAGAN  
Chief Judge  
UNITED STATES DISTRICT COURT