**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOAN CONCOVICH, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AIR EVAC EMS, INC., )<br>)<br>Defendant. ) | No. 3:15-cv-00294-MJR-DGW |

**PROTECTIVE ORDER**

This matter comes before the Court on Defendant Air Evac EMS Inc.'s Unopposed Motion for Entry of a Protective Order ("Motion"). The Court finds that good cause exists to protect the confidentiality of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c). The primary purpose of this Protective Order is to facilitate the flow of information during the pretrial phase of this litigation.

This Protective Order is limited to the following materials and topics enumerated in the Motion and is further limited in duration to the pre-trial disclosure period of this suit.

   (a)   Plaintiff's injuries suffered on April 12, 2014 and the air ambulance services and medical treatment received by Plaintiff as a result thereof;

   (b)   Air Evac's Federal and State of Illinois tax returns; and

   (c)   Air Evac's documents relating to the operation of the AirMedCare Network, including, but not necessarily limited to, business plans, financial statements, actuarial studies, prices charged to Illinois citizens for membership fees, air ambulance services provided to Illinois citizens, amounts paid to Air Evac by those Illinois citizens' insurance companies or health plans, and amounts collected by Air Evac from other responsible third parties for said services.

The Court has considered the Motion and finds that good cause exists for protection of such materials and information, and that such protection is in the interest of the parties and public, and the interest of justice. Accordingly, it is hereby ORDERED that the terms of this Protective Order shall control the use, dissemination, and disposition of all documents provided, answers to interrogatories, other discovery responses, transcripts of depositions, responses to requests for admissions, any other papers filed or to be filed with the Court, and other information which is produced or disclosed and designated as confidential by a party or third party during the pretrial phase of this matter (hereinafter referred to as "Confidential Information").

1. Designation of Confidential Information must be made by placing or affixing on the document in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when the party producing it believes, in good faith, that it contains trade secrets or nonpublic technical, commercial, financial, personal, health, or business information. Except for documents produced for inspection at the party's facilities, the designation of Confidential Information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential Information before it is copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, representatives, and any third parties shall be deemed confidential if designated as such when the deposition is taken or within 5 business days after the deposition transcript is made available. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.

3. Information or documents designated as confidential under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated by the other party as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances to the following individuals ("Qualified Recipients"):

    a. Counsel of record for the parties and employees of said counsel who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    b. Employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of

the disclosure of the confidential information. To that end, Air Evac hereby designates Thomas A.A. Cook, Esq. (Air Evac's General Counsel) and Jessica Metz, (Air Evac's in-house litigation paralegal).

c. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel with this litigation. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Protective Order.

d. The author of the information and anyone shown by the information to have previously received it in the ordinary course of business.

e. Outside consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

f. Persons who are or may be witnesses necessary in the preparation of this case for trial. Prior to disclosure to any such witness or potential witness, the individual must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

g. The Court and its support staff.

      h.      Others specifically identified and authorized in writing by the disclosing party.

5.      Prior to the disclosure of any confidential information to any Qualified Recipient authorized to receive it pursuant to paragraphs 4(b), 4(c), 4(d), and 4(e) above, counsel shall have the person to whom disclosure is proposed execute an affidavit in the form attached hereto as Exhibit A.  Counsel receiving confidential information shall maintain a complete and current file of said affidavits executed pursuant to this paragraph, which file shall be retained following the final termination of the litigation.

6.      Except as provided in paragraph 4, counsel for the parties must keep all documents designated as confidential that are received under this Protective Order secure within their exclusive possession and must place such documents in a secure area.

7.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Protective Order or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

8.      If any party believes that a document or discovery response is confidential pursuant to this Order, they must seek prior approval from the Court before filing the document under seal.  The filing party must make a showing of good cause to exclude each item from the public record.  *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  *See also*, Magistrate Judge Donald G. Wilkerson's Case Management Procedures (May 2014) ("Protective Orders" – "A particularized showing of good cause must be made for protecting specific materials and information.").  Counsel for the party filing any

motion for leave to file under seal shall contemporaneously provide copies of said documents to opposing counsel via e-mail.

9. A party or interested member of the public may challenge the confidentiality designation of particular documents by motion. *Citizens*, 178 F.3d at 946. The movant must accompany such a motion with the certification that the movant has in good faith conferred or attempted to confer with opposing counsel in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 26(c)(1).

10. At the conclusion of the litigation, including all appeals therefrom, all material not received in evidence and treated as confidential under this Protective Order must be returned to the originating party. If the parties so stipulated, the material may be destroyed. Notwithstanding the foregoing, counsel of record for each party shall be entitled to retain pleadings, deposition transcripts and videotapes, written discovery responses, memoranda, declarations or affidavits which attach, contain or refer to confidential information for purposes of maintaining a complete and accurate file of this action.

11. Nothing contained herein shall constitute a waiver of any ground for objecting to requests for discovery, nor shall the consent of the parties to the terms of this Protective Order be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any confidential information as to any issue in this action.

12. Notwithstanding the foregoing, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver (either explicit or implicit) of a party's claim of confidentiality either with respect to the particular information, document or thing or the subject matter implicated therein. Such

inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated "CONFIDENTIAL" within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as "CONFIDENTIAL" under this Protective Order.

13. Nothing in this Order shall prevent a party from using or disclosing its own confidential information as it deems appropriate.

14. Any non-party that receives a subpoena for production or disclosure of information that they believe in good faith constitutes Confidential Information may produce documents or provide information (e.g., deposition testimony) in accordance with the provisions of this Order.

15. Any document governed by a privilege shall be subject to applicable rules and law.

**IT IS SO ORDERED.**

**DATED: August 18, 2015**

                                                                                                                 *Donald Wilkerson*

                                                                                                **DONALD G. WILKERSON**
                                                                                                **United States Magistrate Judge**

**EXHIBIT A**

**ACKNOWLEDGMENT OF COMPLIANCE WITH PROTECTIVE ORDER**

I have read the Protective Order (the "Order") that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Order and agree to comply with it and to be bound by its provisions. I hereby agree to subject myself to the jurisdiction of this Court for purposes of enforcement of the terms and restrictions of the Order. I agree that I will use any Confidential Information solely for the purposes of facilitating the prosecution or defense of this action and not for any business or other purpose.

I further agree that I shall not disclose any Confidential Information to anyone other than persons permitted to have access to such information pursuant to the terms of the Order. I further agree that, upon termination of this proceeding, or sooner if requested, I shall return all Confidential Information provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____, 201__.    _____
                                 Signature

                                 _____
                                 Print Name

                                 _____
                                 Company

                                 _____
                                 Address and Phone Number